# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Norfolk Division

**PHILIP C. BAY,**

      **Petitioner,**

v.                                                              **Civil Action No. 2:15-cv-64**

**HAROLD W. CLARKE, Director,**
**Virginia Department of Corrections,**

      **Respondent.**

## REPORT AND RECOMMENDATION

This matter is before the Court on *pro se* Petitioner Philip C. Bay's ("Bay") Petition for a Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254, ECF No. 1, and the Respondent's Motion to Dismiss, ECF No. 14. The Motion was referred for disposition to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), Federal Rule of Civil Procedure 72(b), Eastern District of Virginia Local Civil Rule 72, and the April 2, 2002, Standing Order on Assignment of Certain Matters to United States Magistrate Judges. For the following reasons, the undersigned finds that Bay's claims are without merit, and therefore, **RECOMMENDS** the Respondent's Motion to Dismiss, ECF No. 14, be **GRANTED**, and Bay's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## I. FACTUAL AND PROCEDURAL BACKROUND

On November 22, 2010, Bay was convicted after a jury trial in the Circuit Court for the City of Virginia Beach (the "trial court") of two counts of conspiring to commit an act of terrorism (Va. Code § 18.2-46.5(B)); two counts of soliciting, inviting, recruiting, encouraging,

or otherwise causing or attempting to cause another to participate in an act or acts of terrorism (Va. Code § 18.2-46.5(C)); eleven counts of manufacturing or possession of an explosive device (Va. Code § 18.2-300(B)); and one count of possession, manufacturing, or distribution of a weapon of terrorism with intent to commit an act of terrorism (Va. Code  § 18.2-46.6).  On February 23, 2011, Bay was sentenced to sixty-eight years with fifty-six years suspended.  Bay appealed his conviction to the Court of Appeals of Virginia, which affirmed the trial court's decision on August 7, 2012.  *Bay v. Commonwealth*, 729 S.E.2d 768 (Va. Ct. App. Aug. 7, 2012).  Bay then filed a petition for writ of certiorari to the Supreme Court of Virginia, which denied his petition on January 17, 2013.  *Bay v. Commonwealth*, No. 121503 (Va.  Jan. 17, 2013).  On January 16, 2014, Bay filed a petition for a writ of habeas corpus to the Supreme Court of Virginia, raising the following six grounds:

I.    Prosecutorial Misconduct:  During closing argument, the prosecutor made improper and inflammatory remarks about Bay and appealed to the sympathies of the jury.

II.   Ineffective Assistance of Trial Counsel:  Trial counsel failed to object to the prosecutor's closing argument and did not move for a mistrial.

III.  Ineffective Assistance of Trial Counsel:  Trial counsel failed to conduct a proper pretrial investigation, failed to present witnesses who would have corroborated Bay's account of his prescription medications, and failed to move for a continuance or a new trial.

IV.   Ineffective Assistance of Trial Counsel:  Trial counsel failed to ask jurors on voir dire whether they believed they were potential victims because they lived in Virginia Beach and failed to move to have a jury brought in from another jurisdiction.

V.    Ineffective Assistance of Trial Counsel:  Trial counsel failed to challenge the seizure of Bay's journals and the introduction of prejudicial evidence contained in those journals.

VI.   Ineffective Assistance of Appellate Counsel:   Appellate counsel did not file the transcripts required for his appeal and did not raise on appeal his claims of prosecutorial misconduct.

ECF No. 1 at 4. The Supreme Court of Virginia denied Bay's petition on August 8, 2014, *id.*, and denied a rehearing on November 6, 2014. *Bay v. Clarke*, No. 140152 (Va. Nov. 6, 2014). Bay filed the instant Petition on February 13, 2015. ECF No. 1.

In his Petition, Bay raises the same grounds alleged in his Supreme Court of Virginia petition (I – VI) and added two more (VII and VIII):[1]

VII.   Warrantless Search and Unlawful Seizure:   The police violated the Fourth Amendment by searching Bay's home on April 5, 2009, based upon an anonymous tip, and without consent or a warrant and over the objection of Bay and his mother.

VIII.   Warrantless Search and Unlawful Seizure (conducted pursuant to a warrant facially devoid of probable cause):   The Police violated the Fourth Amendment by searching Bay's home on April 5, 2009, because the warrant used to justify the search relied on probable cause upon discoveries made during the illegal search the previous day.

*Id.*

On June 19, 2015, the Attorney General of Virginia, on behalf of the Respondent, filed a Motion to Dismiss, a Rule 5 Answer, a brief in support, and a *Roseboro* notice. ECF Nos. 14-16,

---

[1] Claims I-VI in this Petition are the same six claims that Bay raised in his Supreme Court of Virginia petition. *Compare* ECF No. 1 at 3, *and Bay*, No. 140152, *with* ECF No. 1 at 5-11. Bay attached a "Memorandum of Law and Facts in Support," which appears to be the Supreme Court of Virginia's decision denying his Supreme Court of Virginia petition. ECF No. 1 at 15-29 (hereinafter referred to with the formal case citation: *Bay v. Clarke*, No. 140152 (Va. Nov. 6, 2014). Therefore, the Court assumes his arguments on claims I-VI are consistent with those arguments he presented in his petition to the Supreme Court of Virginia. Further, Bay presented Claims VII and VIII to the Court of Appeals of Virginia and the Supreme Court of Virginia on his direct appeal, and not in his prior habeas petition. ECF No. 1 at 10.

18. Bay filed a brief in opposition to the Motion to Dismiss on August 10, 2015. ECF No. 21. Therefore, the Motion to Dismiss is ripe for a recommended disposition.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Timeliness

Section 2254 petitions are subject to a one-year statute of limitations and must be dismissed if they are filed later than one year after the conclusion of direct review of the conviction or the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). Generally, the limitation period for filing a § 2254 petition is statutorily tolled during the time in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" is pending. *Id.* § 2244(d)(2). To be properly filed, the petition must comply with the state's procedural rules imposed on post-conviction petitions, *Pace v. DiGuglielmo*, 544 U.S. 408, 413-17 (2005) (denying statutory tolling to an improperly filed petition when the state court rejected the petition as untimely), and violation of those rules, including "time limits, place for filing and filing second or successive petitions," will render that petition improperly filed and ineligible for statutory tolling, *Rodgers v. Angelone*, 113 F. Supp. 2d 922, 929 (E.D. Va. 2000). Moreover, the time in which a habeas petition is pending in federal court does not toll the one-year statute of limitations. *Duncan v. Walker*, 533 U.S. 167, 172 (2001).

The Supreme Court of Virginia denied Bay's petition for a writ of certiorari on January 17, 2013; therefore Bay's time for filing a writ of habeas corpus began on April 17, 2013, or ninety days after the Supreme Court of Virginia refused his direct appeal and the time to appeal that order to the United States Supreme Court expired. *See* Sup. Ct. R. 13.1; *Harris v.*

*Hutchinson*, 209 F.3d 325, 328 & n.1 (4th Cir. 2000) ("[T]he time for seeking direct review of [the] state-court conviction was concluded . . . when the period for filing a petition for a writ of certiorari in the United States Supreme Court expired."). Under § 2244(d)(1), Bay had until April 17, 2014, to file his habeas petition in this Court. However, this time period was statutorily tolled from January 22, 2014, when Bay filed his state habeas petition in the Supreme Court of Virginia until November 6, 2014, when the Supreme Court of Virginia dismissed and refused his petition, or for two hundred and eighty (280) days. *Cf. Lawrence v. Florida*, 549 U.S. 327, 334-36 (2007) (holding the petitioner is not entitled to tolling for the additional ninety days to file a petition for writ of certiorari to the United States Supreme Court following state collateral review, even if the petition for certiorari is actually filed). Due to this tolling period, Bay was left with eighty-five (85) days to file his habeas petition in this Court, which expired on January 30, 2015. The instant Petition was postmarked on January 30, 2015, and therefore complies with the § 2244(d)(1) one-year statute of limitations.[2] Therefore, the undersigned **FINDS** that Bay's petition is timely.

**B. Exhaustion**

Before addressing the merits of a federal habeas petition, the preliminary inquiry must be whether the petitioner appropriately exhausted his claims and whether the petitioner's claims are barred by procedural default. Section 2254 allows a prisoner held in state custody to challenge his detention on the ground that his custody violates the "Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner, however, must exhaust his available state remedies or demonstrate the absence or ineffectiveness of such remedies before petitioning for federal habeas relief in order to give "state courts the first opportunity to consider alleged

---

[2] The undersigned uses the date Williams placed his Petition in the prison mailing system. *See* ECF No. 1 at 14; *see also Houston v. Lack*, 487 U.S. 266, 276 (1988) (articulating the "prison mailbox rule").

constitutional errors occurring in a state prisoner's trial and sentencing." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Importantly, "[t]he burden of proving that a claim is exhausted lies with the habeas petitioner." *Id.* at 618. The exhaustion requirement is satisfied if the prisoner seeks review of his claim in the highest state court with jurisdiction to consider it through either direct appeal or post-conviction proceedings, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999), and the "essential legal theories and factual allegations advanced in the federal court [are] the same as those advanced at least once to the highest state court," *Pruett v. Thompson*, 771 F. Supp. 1428, 1436 (E.D. Va. 1991), *aff'd*, 996 F.2d 1560 (4th Cir. 1993). Bay raised claims I through VI in his prior petition to the Supreme Court of Virginia. *Bay*, No. 140152. Bay raised claims VII and VIII in direct appeal to the Virginia Court of Appeals and in his petition to appeal to the Supreme Court of Virginia. *Bay v. Commonwealth*, 60 Va. App. 520, 529, 729 S.E.2d 768, 772 (2012); Pet. Appeal, *Bay v. Commonwealth*, No. 0585-11-1 (Aug. 30, 2012) *pet. appeal denied Bay v. Commonwealth*, No. 12503 (Jan. 17, 2013), Accordingly, the undersigned **FINDS** that Bay has properly exhausted his state remedies.

## C. Claim I and Procedural Default.

The doctrine of procedural default provides that "[i]f a state court clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Breard*, 134 F.3d at 619 (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). A state procedural rule provides adequate and independent grounds for dismissal "if it is regularly or consistently applied by the state court" and "does not rely on a rule of federal constitutional law." *Mu'Min v. Pruett*, 125 F.3d 192, 196

(4th Cir. 1994) (citing *Johnson v. Mississippi*, 468 U.S. 578, 587 (1988); *Ake v. Oklahoma*, 470 U.S. 68, 75 (1985)).

In Claim I, Bay argued that prosecutorial misconduct occurred when the prosecutor made remarks during closing argument that were false, improper, prejudicial, and inflammatory about petitioner, and appealed to the sympathy and passions of the jury. The Supreme Court of Virginia held that Claim I in Bay's Supreme Court of Virginia petition was barred as a "non-jurisdictional issue [that] could have been raised at trial and on direct appeal and, thus, was not cognizable in a petition for a writ of habeas corpus." *Bay*, No. 140152, at 2 (citing *Slayton v. Parrigan*, 215 Va. 27, 29, 205 S.E.2d 680, 682 (1974), *cert. denied*, 419 U.S. 1108 (1975)). The Fourth Circuit has "held on numerous occasions that the procedural default rule set forth in *Slayton* constitutes an adequate and independent state law ground for a decision." *Mu'Min*, 125 F.3d at 196. Therefore, claim I is procedurally defaulted.

However, "[a] petitioner may only overcome procedural default and obtain federal review on the merits if he is able to demonstrate cause and prejudice for the default or demonstrate that failure to review the claims will result in a fundamental miscarriage of justice." *Edwards v. Johnson*, No. 2:10cv339, 2010 WL 5825427, at *3 (E.D. Va. Dec. 15, 2010) (citing *Coleman*, 501 U.S. at 750; *Savino v. Murray*, 82 F.3d 593, 602 (4th Cir. 1996)). "In order to show 'cause' for the default, [a petitioner] must establish 'that some objective factor external to the defense impeded [his] efforts to raise the claim in state court at the appropriate time.'" *Breard*, 134 F.3d at 619 (citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Bay argues that his appellate counsel's attorney error constitutes "cause" to overcome the procedural default. ECF No. 21 at 32 (citing *Coleman*, 501 U.S. at 753-54). However, Bay appears to recognize that "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim

7

despite recognizing it, does not constitute cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 486. Specifically, citing *Carrier*, Bay argues that the fact that appellate counsel failed to file the proper transcripts necessary to raise this issue on appeal constitutes an "external impediment preventing counsel from constructing or raising the claim." ECF No. 21 at 33 (citing *Carrier*, 477 U.S. 478, 492 (stating that "cause for a procedural default on appeal ordinarily requires a showing of some external impediment preventing counsel from constructing or raising the claim"). However, Bay's argument that counsel's failure to file the proper transcript constitutes an external impediment holds no water. The Court of Appeals of Virginia addressed the transcript issue, noting that though "appellant timely filed the transcript from the January 6, 2010 pretrial hearing, at which he argued his motion to suppress and for a change of venue. Appellant did not file a transcript or written statement of facts from the trial of November 22, 2010." *Bay*, 60 Va. App. at 529, 729 S.E.2d at 772. The Court of Appeals specifically addressed the question of whether the record, without the transcript from the November 22, 2010 trial, was sufficiently complete to permit review on appeal. *Id.* at 529, 729 S.E.2d at 772. The court found that it was, clearly stating that "the transcript of the November 22, 2010 trial is not indispensable to resolving this issue." *Id.* Therefore, because Bay did not exhaust the allegations in Claim I, the Court finds no cause for his procedural default and therefore must reject the claim. Accordingly, absent a showing of cause, a prejudice analysis is unnecessary. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1359 (4th Cir. 1995) (noting that courts should not consider the issue of prejudice absent cause to avoid the risk of reaching an alternative holding).

Despite Bay's inability to show cause and prejudice for his procedural default, he may be able to overcome the procedural bar if he is able to demonstrate that failure to review his habeas

claims will result in a fundamental miscarriage of justice. "[I]n order to demonstrate that a miscarriage of justice would result from the refusal of the court to entertain the collateral attack, a movant must show actual innocence by clear and convincing evidence." *United States v. Mikalajunas*, 186 F.3d 490, 493 (4th Cir. 1999) (citing *Murray*, 477 U.S. at 496). Bay argues "that he was insane, and thus 'actually innocent' of the offenses" due to his use of Prozac and that "the prosecution did everything they could to mislead the jury into believing that [Bay] was not using Prozac during the months leading up to his arrest." ECF No. 21 at 5-6. Bay presents the same argument as he did at trial, that he was taking Prozac during the months leading up to his arrest and that this medication affected his mental condition. *Id.* at 6. Bay's argument does not rise to the necessary level showing a miscarriage of justice because Bay "present[s] [the] assertion that he was actually innocent by reason of insanity[, which] is entirely conclusory, and he offers no facts, let alone any newly-discovered facts, to support his assertion of actual innocence." *Jordan v. Clarke*, No. 1:12CV1156 AJT/TRJ, 2013 WL 1453066, at *5 (E.D. Va. Apr. 5, 2013). Accordingly, the undersigned **RECOMMENDS** that Claim I be **DISMISSED** as procedurally defaulted.

## D. Ineffective Assistance of Counsel Claims:  Claims II Through VI

In Claim II, Bay argues his trial counsel was ineffective because trial counsel failed to object to the prosecutor's closing argument and did not move for a mistrial. The Supreme Court of Virginia held that Claim II in Bay's Supreme Court of Virginia petition did not satisfy either the "performance" or the "prejudice" prong of the *Strickland v. Washington*, 466 U.S. 668, 687 (1984), two-prong test. *Bay*, No. 140152, at 2-3. The Supreme Court of Virginia addressed the merits of Bay's Claim II. Specifically, the court stated that "[c]ounsel could reasonably have determined the prosecutor's statements were based on the evidence at trial, did not improperly

appeal to the sympathy, passion or prejudice, and did not improperly express a personal opinion on the credibility of the witnesses." *Id.* at 3 (citations omitted).  Because of the many other reasons for not objecting, the Supreme Court of Virginia found that "[c]ounsel could thus reasonably have determined any objection would have been futile." *Id.*  Similar to the second part of Claim II—that counsel failed to "move for a mistrial or a curative instruction when the prosecutor improperly urged the jury not to believe petitioner's use of Prozac had caused his behavior"—the Supreme Court of Virginia found that there was substantial evidence on the record supporting the prosecutor's statements, and thus trial counsel "could reasonably have determined the prosecutor's statements were based on evidence at trial." *Id.* at 4-5.

When a state court addressed the merits of a claim that is subsequently raised in a 28 U.S.C. § 2254 petition, a federal court may not grant habeas relief on that claim unless, *inter alia*, the state court decision is contrary to or an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d)(1).  "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Harrington v. Richter*, 131 S. Ct. 770, 784 (2011).  The Court independently reviews whether that decision satisfies either standard. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).  A state court decision is "contrary to" clearly established federal law if the state court "arrives at a conclusion opposite to that reached by th[e] [U.S. Supreme] Court on a question of law or if the state court decides a case differently than th[e] [U.S. Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 413.  As to whether a state court decision is an "['objectively'] unreasonable application" of clearly established federal law, the state court must "identif[y] the correct governing legal principle from th[e Supreme] Court's decisions but unreasonably appl[y] that principle to the facts of the

prisoner's case." *Id.* at 410. Ultimately, though, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is *firmly convinced* that a federal constitutional right has been violated." *Id.* at 389 (emphasis added). It is this Court's obligation to focus "on the state court decision that previously addressed the claims rather than the petitioner's freestanding claims themselves." *McLee v. Angelone*, 967 F. Supp. 152, 156 (E.D. Va. 1997).

The United States Supreme Court summarized the high bar petitioners face in a federal habeas petition in the context of Sixth Amendment ineffective assistance of counsel claims previously rejected by the state court:

> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' [466 U.S. 668, 689 (1984)]; *Lindh v. Murphy*, 521 U.S. 320, 333, n.7, 117 S. Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is 'doubly' so, *Knowles [v. Mirzayance]*, 556 U.S. [---, ---], 129 S. Ct. [1411, 1420 (2009)]. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ----, 129 S. Ct. at 1420. Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard.

*Premo*, 131 S. Ct. at 740. With that standard in mind, the undersigned now turns to the merits of Bay's ineffective assistance of counsel claims. Generally, to be entitled to habeas relief in state court, Bay has to show both that his defense counsel provided deficient assistance and that he was prejudiced as a result. *Strickland*, 446 U.S. at 700. First, to establish deficient performance, Bay must show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688-89 (holding that there is a strong presumption that trial counsel provided reasonable professional assistance). Second, Bay must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." *Id.* at 687, 693-94 (holding that counsel's errors must be "so serious as to deprive the defendant of a fair trial," and that the petitioner must "show that the errors had some conceivable effect on the outcome of the proceeding").

The Supreme Court of Virginia determined that Bay failed to satisfy *Strickland*'s demanding standard on both the performance and the prejudice prongs with respect to Claim II. With respect to the performance prong, as the Supreme Court of Virginia explained, based on the evidence at trial, counsel reasonably could have determined that the prosecutor's statements were very likely based on evidence in the record, and any objection during closing would have been futile. This finding was reasonable, as the record demonstrates that evidence supported the prosecutor's argument. Similarly, with respect to Bay's argument in Claim II that trial counsel was ineffective because he failed to move for a mistrial due to the prosecutor's statements, for the same reason the Supreme Court of Virginia reasonably determined that counsel's failure to make an unnecessary motion did not constitute ineffective assistance of counsel. *See Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) (holding that "counsel is not required to make futile motions or objections"). Regarding the prejudice prong, the Supreme Court of Virginia also reasonably found that Bay offered no evidence that making an objection during closing would have created a different result. Because the Supreme Court of Virginia did not unreasonably apply *Strickland* to Claim II, the undersigned **RECOMMENDS DISMISSAL** of Claim II.

In Claim III, Bay argues that his trial counsel was ineffective for failing to conduct a proper pretrial investigation, failing to present witnesses who would have corroborated Bay's account of his prescription medications, and failing to move for a continuance or a new trial. The Supreme Court of Virginia held that Claim III in Bay's Supreme Court of Virginia petition did not satisfy either the "performance" or the "prejudice" prong of the *Strickland v. Washington*,

466 U.S. 668, 687 (1984), two-prong test. *Bay*, No. 140152, at 6.  Bay argued that counsel's deficient performance, specifically that trial counsel should have called his mother and her employer to testify that he was taking Prozac at the time he claimed, and that counsel should have presented the pharmacy records to show his mother had her employer's Prozac prescriptions filled, prejudiced the result because "the evidence would have supported his claim that he was taking Prozac until the time of his arrest." *Id.* at 5-6.

The Supreme Court of Virginia determined that Bay's argument failed to satisfy the performance prong because the evidence on the record clearly showed that Bay's trial counsel presented evidence that Bay's mother continued to have Prozac prescriptions filed for Bay. *Id.* at 6. Second, the Supreme Court of Virginia determined that Bay's argument failed to satisfy the prejudice prong because there was also evidence in the record disputing Bay's contentions that he was on Prozac at the time of his arrest. *Id.* (noting that Bay himself informed the state psychiatrist that he had not taken Prozac for over a year, that when Bay's mother brought his prescription to the detention center, she stated he did not take it on a regular basis, and further, that Bay began planning his attack before he was prescribed Prozac). The Supreme Court of Virginia concluded that there was no indication that the outcome would have been different had the record included his mother's and her employer's testimony.

The Supreme Court of Virginia's application of *Strickland* was not unreasonable. Since the trial evidence shows that Bay's counsel introduced evidence on the record to establish the information Bay claims his counsel failed to present, the Supreme Court of Virginia reasonably concluded that counsel's performance at trial was not deficient. *Cf. Kimmelman v. Morrison*, 477 U.S. 365, 386-87, 106 S. Ct. 2574, 2589, 91 L. Ed. 2d 305 (1986) (holding "counsel's performance fell below the level of reasonable professional assistance" because he failed to

conduct *any* discovery at all) (emphasis added). Furthermore, even if Bay could show that his counsel's performance was deficient, the Supreme Court of Virginia reasonably concluded that Bay failed to proffer any evidence that a different trial strategy would have changed the outcome of his case. Bay would have needed to proffer affidavits from his mother and his mother's employer to demonstrate the indispensability of this evidence, which he failed to do. *See Roundtree v. Wright*, No. L:14CV654 LMB/IDD, 2014 WL 6879925, at *4 (E.D. Va. Dec. 3, 2014) *appeal dismissed,* 600 F. App'x 188 (4th Cir. 2015) *cert. denied*, 136 S. Ct. 158 (2015) (finding that the failure to proffer affidavits was fatal under the *Strickland* analysis to show counsel's failure to introduce evidence or testimony of certain witnesses due to a lack of pretrial investigation). Because the Supreme Court of Virginia did not unreasonably apply *Strickland* to Claim III, the undersigned **RECOMMENDS DISMISSAL** of Claim III.

In Claim IV, Bay argues that his trial counsel failed to ask jurors on voir dire whether they believed they were potential victims because they lived in Virginia Beach, and failed to move to have a jury brought in from another jurisdiction. The Supreme Court of Virginia held that Claim IV in Bay's Supreme Court of Virginia petition did not satisfy either the "performance" or the "prejudice" prong of the *Strickland v. Washington*, 466 U.S. 668, 687 (1984), two-prong test. *Bay v. Clarke*, No. 140152, at 8 (Va. Nov. 6, 2014). Bay argued that counsel "never specifically asked the veniremen if they could not be impartial due to their feeling victimized by [Bay's] acts." ECF No. 21 at 27. The Supreme Court of Virginia found that Bay failed to demonstrate that counsel's performance was deficient. *Bay*, No. 140152, at 8. Specifically, the Supreme Court of Virginia pointed out that trial counsel did in fact consider the specific issue of juror impartiality and moved for a change of venue on the basis that all the potential jurors were citizens of Virginia Beach, and thus "were presumptively prejudiced and

incapable of being impartial jurors." *Id.* Further, each juror had to affirm that he or she "had no bias or prejudice against either the Commonwealth or the Petitioner, and knew of no reason that would prevent them from giving a fair and impartial trial to the Commonwealth and the petitioner, based solely on the law and the evidence." *Id.*

Once again, the Supreme Court of Virginia's application of *Strickland* was not unreasonable. The Supreme Court of Virginia reasonably found that counsel's performance at trial was not deficient as Bay contends because trial counsel and the court "questioned the veniremen reasonably and thoroughly to flesh out any preconceived notions of petitioner's guilt among the veniremen." *Clanton v. Bair*, 619 F. Supp. 1491, 1501 (E.D. Va. 1985); *Hargrave v. Landon*, 584 F. Supp. 302, 307 (E.D. Va. Apr. 12, 1984) *aff'd*, 751 F.2d 379 (4th Cir. 1984) ("All jurors actually selected asserted that they would be able to lay aside whatever vague or ill-formulated notions they may have had and reach a verdict based solely on the law and the evidence."). Furthermore, the trial court has discretion to conduct voir dire in the areas that might tend to show juror bias. *See Mu'Min v. Virginia*, 500 U.S. 415, 421 (1991). In fact, the trial court in Bay's case deferred its ruling on the motion to change venue to ascertain whether the parties could attempt to seat an impartial jury. Per Curiam Notice from the Cir. Ct. of the City of Va. Beach, No. CR09-3172 (Va. App. Ct. Aug. 14, 2011); *see also Mu'Min*, 500 U.S. at 418 (respecting trial judge's decision to defer ruling on a change of venue motion to determine whether an impartial jury could be seated due to excess trial publicity). Thus, the Supreme Court of Virginia reasonably found that counsel's performance was not deficient. *See DeLong v. Thompson*, 790 F. Supp. 594, 602 (E.D. Va. 1991) *aff'd*, 985 F.2d 553 (4th Cir. 1993) (finding that "counsel's failure to renew the motion [after voir dire] was the product of sound trial strategy" after the court denied counsel's motion for a change of venue on the basis that the

jurors were no longer impartial"). Furthermore, Bay presented no evidence or argument in the Supreme Court of Virginia or here that trial counsel's failure to ask the jurors specific questions on voir dire would have changed the outcome of his case, and therefore has not met the prejudice prong of *Strickland*.    Because the Supreme Court of Virginia did not unreasonably apply *Strickland* to Claim IV, the undersigned **RECOMMENDS DISMISSAL** of Claim IV.

In Claim V, Bay argues that his trial counsel failed to challenge the seizure of Bay's journals and the introduction of prejudicial evidence contained in those journals. The Supreme Court of Virginia held that Claim V in Bay's Supreme Court of Virginia petition did not satisfy either the "performance" or the "prejudice" prong of the *Strickland v. Washington*, 466 U.S. 668, 687 (1984), two-prong test. *Bay*, No. 140152, at 9. Bay argued that his journals were outside the scope of the warrant wherein they were seized, and that trial counsel should have challenged the seizure of this inculpatory evidence because the journals were heavily relied upon by the prosecution at trial to dispute Bay's only defense of insanity, therefore prejudicing the outcome. ECF No. 21 at 27-28. The Supreme Court of Virginia held that Bay failed to demonstrate that counsel's performance was deficient, because "[c]ounsel could reasonably have determined the journals were within the permissible scope of items the police could search . . . and were subject to seizure as such or as other evidence of a crime." *Bay*, No. 140152, at 9. Further, the Supreme Court of Virginia also found that Bay failed to show that any evidence obtained pursuant to the second warrant—which was obtained based on the evidence seized during the execution of the first warrant—was used against him at trial. *Id.*

Again, the Supreme Court of Virginia's application of *Strickland* was not unreasonable. The record indicates that trial counsel pursued a motion to suppress the evidence (including the journals) on the basis that the police and fire investigators did not have valid consent to search

the residence. *Bay v. Commonwealth*, No. 0585-11-1, at 10 (Va. Cir. Ct. Aug. 7, 2012). When denied, trial counsel further raised this issue as one of Bay's grounds for appeal. *Id.* at 1, 10. The Supreme Court of Virginia's determination that counsel likely considered the journals to be within the evidence he sought to suppress with his motion, and thus concluded that objecting to the grounds of the journals themselves would have been futile, was not unreasonable. Counsel's performance at trial was not ineffective simply because his strategy was not as successful as Bay had hoped it would be. *See Strickland*, 466 U.S. at 681 ("Those strategic choices about which lines of defense to pursue are owed deference commensurate with the reasonableness of the professional judgments on which they are based."); *Wood v. Allen*, 558 U.S. 290, 303 (2010) (noting that the question before the federal habeas court is not whether counsel's strategic decision was reasonable, but rather whether the state court's application of *Strickland* to the ineffective strategy claim was reasonable). Bay presented no argument that trial counsel's failure to object to the search, seizure, and admission of his journals into evidence would have changed the outcome of his case, therefore he has not met the prejudice prong of *Strickland*. Because the Supreme Court of Virginia did not unreasonably apply *Strickland* to Claim V, the undersigned **RECOMMENDS DISMISSAL** of Claim V.

In Claim VI, Bay argues that his appellate counsel did not file the transcripts required for his appeal and did not raise on appeal his claims of prosecutorial misconduct. The Supreme Court of Virginia held that the both issues in Claim V—that appellate counsel did not file the transcripts required for appeal and that appellate counsel did not raise on appeal his claims of prosecutorial misconduct—in Bay's Supreme Court of Virginia petition did not satisfy either the "performance" or the "prejudice" prong of the *Strickland v. Washington*, 466 U.S. 668, 687 (1984), two-prong test. *Bay*, No. 140152, at 10. Bay argues "that had counsel tended the trial

17

transcripts, and argued additional and more meritorious claims[, including his claim of prosecutorial misconduct,] there is a reasonable probability that the result of the appeal would have been different." ECF No. 21 at 31. Bay further argues that he is entitled to a "presumption of prejudice" on [the transcript] issue because "counsel could not, as a matter of law, have assigned any alleged error which occurred during the trial as a ground for reversal on appeal" without the transcript. *Id.* With respect to the transcript issue, the Supreme Court of Virginia found that Bay was unable to establish appellate counsel's performance was deficient because appellate counsel "filed the transcript necessary to address one of the issues raised in the petition and that no transcript was necessary to address the other issue." *Bay*, No. 140152, at 11 (citing *Bay*, 60 Va. App. at 529, 729 S.E.2d at 772). With respect to the claim that appellate counsel failed to raise prosecutorial misconduct as a grounds for appeal, the Supreme Court of Virginia held that "[t]he selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal." *Bay*, No. 140152, at 10 (citing *Jones v. Barnes*, 463 U.S. 745, 751-51 (1983)). Thus, Bay failed to demonstrate that counsel's decision to raise certain issues on appeal and not others was deficient or that had he raised this issue on appeal the outcome would have been different.

The Supreme Court of Virginia's application of *Strickland* on both issues raised in Claim VI is not unreasonable. First, the Court of Appeals of Virginia clearly stated that it did not find appellate counsel's failure to include certain portions of the transcript to be "indispensable," and, in fact, did address the merits of Bay's grounds for appeal. *See Bay*, 60 Va. App. at 529, 729 S.E.2d at 772 ("[W]e find the transcript of the November 22, 2010 trial is not indispensable to resolving this issue."). Thus, the Supreme Court of Virginia's finding that Bay failed to prove counsel's performance was deficient is not unreasonable. Second, Supreme Court precedent is

clear that appellate counsel has discretion to select which grounds should serve as the basis for appeal. *See Jones*, 463 U.S. at 751 (stating discretionary role of appellate counsel on appeals in court-appointed cases). Bay argues that he communicated with his court-appointed appellate counsel by mailing counsel a letter suggesting what claims Bay felt should be raised on appeal. ECF No 21 at 30. Bay's appellate counsel then returned a letter that "accepted some but rejected most of the suggested claims . . . then listed seven potential claims of error that he was considering . . . and invited [Bay's] 'reflections and suggestions with regard to those seven issues.'" *Id.* The Supreme Court of Virginia thus reasonably concluded that counsel's performance, by not accepting all of Bay's claims, was not deficient. "Although counsel need not press particular issues of the defendant's choosing, by implication counsel must consult with the defendant to identify whether there are any meritorious issues to appeal." *Frazer v. S. Carolina*, 430 F.3d 696, 705 (4th Cir. 2005); *Jones*, 463 U.S. at 751 (dismissing petitioner's claim that his counsel was ineffective for failing to raise all the issues he wanted raised on appeal because there is no precedent "that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points"). Furthermore, other than the "presumption of prejudice" contention regarding the transcript issue, ECF No. 21 at 31, Bay presents no argument that appellate counsel's failure to raise the prosecutorial misconduct as a ground for appeal would have affected the outcome of his case. Since the Court of Appeals addressed the merits of his grounds for appeal, Bay has not met the prejudice prong of *Strickland*. Consequently, the Supreme Court of Virginia did not unreasonably apply *Strickland* to Claim VI, the undersigned **RECOMMENDS DISMISSAL** of Claim VI.

**E. Fourth Amendment Claims:  Claims VII AND VIII.**

In Bay's final two claims for relief, he argues:

VII.    Warrantless Search and Unlawful Seizure:  The police violated the Fourth Amendment
by Searching Bay's home on April 5, 2009, based upon an anonymous tip, and without
consent or a warrant and over the objection of Bay and his mother.

VIII.   Warrantless Search and Unlawful Seizure (conducted pursuant to a warrant facially
devoid of probable cause):  The Police violated the Fourth Amendment by searching
Bay's home on April 5, 2009, because the warrant used to justify the search relied for
probable cause upon discoveries made during the illegal search the previous days.

Under *Stone v. Powell*, federal courts may not grant federal habeas relief on the ground that
evidence obtained in an unconstitutional search or seizure was introduced at petitioner's trial
when the State has provided an opportunity for full and fair litigation of a Fourth Amendment
claim.  428 U.S. 465, 482 (1979).  When faced with allegations presenting Fourth Amendment
claims, a federal district court should "first inquire as to whether or not the petitioner was
afforded an opportunity to raise his Fourth Amendment claims under the then existing state
practice." *Doleman v. Muncy*, 579 F.2d 1258, 1265 (4th Cir.1978) (capitalization corrected).
The district court, however, "need not inquire further into the merits" of the case unless the
petitioner "alleges something to indicate that his opportunity for full and fair litigation of [his
claim] was in some way impaired." *Id.*  Consequently, as long as the petitioner had an
opportunity to litigate his Fourth Amendment claim in the state court, it matters not whether he
proffers a new and different basis for that claim in the federal court. *Stone v. Powell* forecloses
Bay's attempt to re-litigate his Fourth Amendment claim in his federal district court habeas
petition. Bay fully argued these claims on direct appeal to the Court of Appeals of Virginia:

> Appellant next contends that the trial court erred in denying his motion to suppress evidence. He argues that police and fire investigators did not have valid consent for the April 5, 2009 search of his residence. He also argues that the April 6, 2009 search was invalid, because the supporting affidavit did not provide sufficient new facts to justify a warrant for a second, more extensive search. Appellant contends there was no new probable cause from the previous day. Essentially, appellant argues that because police conducted a full and complete search on the first day, the affidavit provided no new information that additional items would be found with the warrant for a second search. He further alleges that the affidavit contained no information as to the reliability or basis of knowledge of the informant.

*Bay*, 60 Va. App. at 534, 729 S.E.2d at 774. The Court of Appeals of Virginia fully addressed each claim and issued a reasoned decision on the merits, denying both claims. *Id.* at 540; 729 S.E.2d at 777. Bay argues that because the Court of Appeals was supplied with an incomplete record on appeal due to counsel's failure to file the trial transcript, it could not have fully and fairly considered Bay's Fourth Amendment claims. ECF No. 21 at 34. As mentioned, *supra* p. 8, counsel properly filed the transcript from the January 6, 2010 pretrial hearing, where he argued the motion to suppress the evidence obtained from the search, and Bay's argument that the trial transcript was necessary for full consideration is frivolous as the Court of Appeals of Virginia clearly stated that the trial transcript was not "indispensable" to its decision regarding the other basis for his appeal, *id.* at 529, 729 S.E.2d at 772.

Bay also argues that the Court of appeals never specifically addressed Bay's argument concerning the reliability of the informant who provided the anonymous tip to investigators and therefore "ignored" the claim. ECF No. 21 at 35. Contrarily, the Court of Appeals of Virginia did consider this issue, but felt it was not *necessary* to its determination:

> "Even specifically excluding any evidence from an informant, the trial court found that the remaining information in the affidavit was sufficient to sustain probable cause for the second day's search warrant. . . . Because the evidence, as found by the trial court, supports the conclusion that the affidavit is more than adequate to show probable cause, we need not address the reliability of the informant."

*Bay*, 60 Va. App. at 539-40, 729 S.E.2d at 777. A court is not required to provide a full explanation on every issue should the court find some issues irrelevant or non-consequential to the decision. Bay cannot argue his claim was not considered on this ground as it was considered by the Court of Appeals of Virginia but did not affect the outcome. *See Grubb v. United States*, 859 F. Supp. 227, 228 (S.D.W. Va. 1994) *aff'd as modified*, 65 F.3d 167 (4th Cir. 1995) ("[A] defendant may not recast, under the guise of collateral attack, questions fully considered and previously decided by the Court of Appeals."). Thus, Virginia courts provided Bay a full and fair opportunity to litigate this Fourth Amendment claim, so he may not relitigate it here. *See Doleman*, 579 F.2d at 1265 (affirming that *Stone* barred petitioner's claim where he "had an opportunity to present his Fourth Amendment claims by a motion to suppress both at the trial court level and thereafter to assign as an error, an adverse ruling thereon, on appeal"); *Kinnard v. Kelly*, No. 1:09cv1116, 2010 WL 1704781, at *3 (E.D.Va. Apr. 26, 2010) (finding that the state had a full and fair opportunity to litigate where petitioner "unsuccessfully challenged the denial of his motion to suppress on direct appeal"). Thus, *Stone v. Powell* precludes Bay from obtaining habeas relief on Claims VII and VIII, and Bay's Fourth Amendment claims should be **DISMISSED**.

## III. RECOMMENDATION

For these reasons, the undersigned **RECOMMENDS** that the Respondent's Motion to Dismiss, ECF No. 14, be **GRANTED**, and Bay's Petition, ECF No. 1, be **DENIED** and **DISMISSED WITH PREJUDICE.**

## IV. REVIEW PROCEDURE

By receiving a copy of this Report and Recommendation, Faulcon is notified that:

1. Any party may serve on the other party and file with the Clerk of this Court specific written objections to the above findings and recommendations within fourteen days from the date this Report and Recommendation is forwarded to the objecting party, *see* 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), computed pursuant to Federal Rule of Civil Procedure Rule 6(a) plus three days permitted by Federal Rule of Civil Procedure Rule 6(d). A party may respond to another party's specific written objections within fourteen days after being served with a copy thereof. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

2. A United States District Judge shall make a *de novo* determination of those portions of this Report and Recommendation or specified findings or recommendations to which objection is made. The parties are further notified that failure to file timely specific written objections to the above findings and recommendations will result in a waiver of the right to appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is **DIRECTED** to forward a copy of this Report and Recommendation to the Petitioner and counsel of record for the Respondent.

/s/

Lawrence R. Leonard
United States Magistrate Judge

LAWRENCE R. LEONARD
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
December 4, 2015

## CLERK'S MAILING CERTIFICATE

A copy of this Report and Recommendation was mailed on this date to the following:

Phillip C. Bay, #1438258
Greensville Correctional Center
901 Corrections Way
Jarratt, VA  23870
*Pro Se* Petitioner

By:

Fernando Galindo
Clerk of the Court

Deputy Clerk

December 4, 2015

5